IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**STEFANIE GENTLES**, *individually and on behalf of all others similarly situated*, et al.,

**Plaintiffs,**

v.

**HEALTHPORT TECHNOLOGIES LLC,**

**Defendant.**                                                                                  No. 15-cv-69-DRH-DGW

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I.     Introduction

Now before the Court is defendant Healthport Technologies, LLC's (hereinafter "Healthport") motion to dismiss plaintiff's first amended complaint (Doc. 24) pursuant to FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6). Plaintiff opposes the motion on grounds that the pleading requirements of 12(b)(6) are satisfied and the voluntary payment doctrine is not a defense to either a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") or a *per se* violation of the Illinois Examination of Health Care Records Act ("EHCRA") (Doc. 32). For the reasons explained below, the Court **DENIES** defendant's motion to dismiss (Doc 24).

### II.     Background

Defendant Healthport is the nation's largest provider of release-of-

information services and audit management tracking technology (Doc. 16). As part of its business, Healthport works with hospitals, healthcare organizations, physician practices and clinics to process and fulfill requests for medical records (*Id.*).

On January 22, 2015, defendants removed this case from the Circuit Court of St. Clair County, Illinois asserting this Court has diversity jurisdiction under the Class Action Fairness Act ("CAFA"). See 28 U.S.C. 1332(d) (Doc. 2). Following removal, defendants filed a motion to dismiss plaintiff's complaint (Doc. 8). Thereafter, plaintiffs sought leave to file their first amended complaint (Doc. 13). The Court granted the request, and on March 27, 2015, plaintiffs Stephen Schaefer, Stefanie Gentles, Richard Messerly, Gregg Brown, and David Bair on behalf of themselves and others similarly situated, filed a two-count amended complaint (Doc. 16).

In Count I of their amended complaint, plaintiffs allege that Healthport violated section 8-2001(d) of the EHCRA, by delivering electronic records via its web-based HealthPortConnect, a web-based medical record request portal where requesters go to retrieve their requested medical records, while Healthport still charged the plaintiffs and prospective class members the price for paper copies of the same records; in Count II of the amended complaint, plaintiffs allege that Healthport knowingly made false or misleading representation on its invoices in violation of the ICFA, 815 ILCS 505/2. Thereafter, Schaefer's claims were voluntary dismissed without prejudice (Doc. 17).

In the amended complaint, Gentles alleges that HealthPort charged her and her attorneys unlawful fees for electronic copies of her medical records that were ordered for use in her workers' compensation action in 2012 in violation of 735 ILCS 5/8-2001(d). Messerly alleges that HealthPort charged him and his attorneys unlawful fees for electronic copies of her medical records that were ordered for use in his workers' compensation action in 2012 in violation of 735 ILCS 5/8-2001(d). Plaintiffs Brown and Bair allege similar facts related to their requests for medical records in 2012 and 2013, respectively. In addition to their individual claims, plaintiffs seek to represent a nationwide class of individuals with similar claims under the EHCRA and ICFA.

Healthport now moves pursuant to Rule 12(b)(6) to dismiss both counts contained in plaintiff's first amended complaint (Doc. 24).

### III.   Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Gen. Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." Thus to survive a motion to dismiss, the allegations of the complaint must be sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Despite *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) retooling federal pleading standards, notice pleading remains all that is required in a complaint. "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citation omitted). In making this assessment, the district court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007).

The Seventh Circuit offers further guidance on what a complaint must do to withstand 12(b)(6) dismissal. The Court in *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008), reiterated the standard: "surviving a Rule 12(b)(6) motion requires more than labels and conclusions;" the complaint's allegations must "raise a right to relief above the speculative level." A plaintiff's claim "must be plausible on its face," that is, "the complaint must establish a non-negligible probability that the claim is valid." *Smith v. Medical Benefit Administrators Group, Inc.,* 639 F.3d 277, 281 (7th Cir. 2011). With this in mind, the Court turns to plaintiff's two-count complaint.

### IV. <u>Analysis</u>

Defendant argues that plaintiffs' claims fail as a matter of law and are barred by the Illinois voluntary payment doctrine. Under Illinois' voluntary payment doctrine, "a plaintiff who voluntarily pays money in reply to an incorrect or illegal claim of right cannot recover that payment unless he can show fraud, coercion, or mistake of fact." *Randazzo v. Harris Bank Palatine, N.A.*, 262 F.3d 663, 667 (7th Cir.2001). See also *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir.2006).

For the purposes of this motion to dismiss, as mentioned above, the Court accepts the factual allegations put forth by the plaintiff as truth. Plaintiff sufficiently alleges in their amended complaint that "Healthport violated the EHCRA and the ICFA by charging and collecting the Paper Copy Price" for their records because Healthport refused to release the records without first receiving full payment. (Doc. 16). Each plaintiff alleges that "Healthport is the exclusive provider of medical records for [plaintiffs'] medical service provider, thus [each plaintiff] has no way of securing [his or her] medical records other than through Healthport." (*Id.*) Therefore, plaintiffs were "coerced and compelled to pay [Healthport] the invoice in full and had no adequate opportunity to effectively resist the demand for payment" because Healthport refused to release the records without first receiving full payment (*Id.*).

Plaintiffs allege that the payments to Healthport were not in fact voluntary but were coerced, because each plaintiff had a pending workers' compensation

claim that required those medical records. In this instance, the voluntary payment doctrine, as an affirmative defense, is not a timely doctrine to rely on for dismissal of this case. Moreover, the undersigned has previously held that the voluntary payment doctrine is an affirmative defense not to be addressed on a motion to dismiss. See *Rench v. TD Bank, N.A.*, No. 3:13–cv–00922–DRH–PMF, 2014 WL 3893279, at *5 (S.D. Ill. Aug. 8, 2014) (Herndon, J.). A determination as to the payment doctrine's applicability "will require the presentation of evidence so that the court or fact finder can determine whether a payment was voluntarily made without protest and without fraud or mistake." *Crain v. Lucent Techs., Inc.*, 317 Ill.App.3d 486, 250 Ill.Dec. 876, 739 N.E.2d 639, 644 (Ill.App.Ct.2000). Therefore, the Court finds that dismissal is not warranted.

## V. Conclusion

Accordingly, the Court **DENIES** defendant Healthport's motion to dismiss (Doc. 24).

**IT IS SO ORDERED.**

Signed this 16th day of March, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.03.16 14:35:18 -05'00'

**United States District Judge**