IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEFANIE GENTLES, RICHARD MESSERLY, GREGG BROWN, and DAVID BAIR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTHPORT TECHNOLOGIES, LLC, and CIOX HEALTH, LLC,<br><br>Defendants. | Case No. 3:15-cv-00069-DRH-DGW |

**FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AND FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

Pending before the Court are the Plaintiffs' Motion for Approval of Class Action Settlement (Doc. 77) and Plaintiffs' Motion for an Award of Attorneys' Fees and Costs and Request for Incentive Awards (Doc. 79). Having reviewed the papers filed in support of the motions, heard argument of counsel, and good cause appearing therein, the motions are **GRANTED** and it is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

1. Any terms and phrases in this Order shall have the same meaning as in the Class Action Settlement Agreement (Doc. 78-1, the "Settlement Agreement").

2. This Court has jurisdiction over the subject matter of this action and over all Parties to the Action, including all Settlement Class Members.

3. The Settlement Class is bound by this Order and Judgment

4. For purposes of the Settlement and this Final Judgment and Order of Dismissal with Prejudice, the Settlement Class means all persons in the United States who paid to HealthPort Technologies, LLC and/or CIOX Health, LLC, at any time on or after December 6, 2010, one of the following fees as a result of obtaining electronic medical records in electronic form from a healthcare facility or physician practice located in the State of Illinois: (a) the full Paper Copy Price rather than the discounted Electronic Record Price; and/or (b) an Electronic Delivery Fee.

5. The court finds that the Settlement Class meets the requirements of Federal Rules of Civil Procedure 23(a) and (b)(2).

6. The prerequisites for certification of the Settlement Class under Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number members of the Settlement Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the class representatives are typical of the claims of the Settlement Class they seek to represent; (d) the class representatives have and will fairly and adequately represent the interests of the Settlement Class; and (e) the Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final declaratory relief with respect to the class as a whole.

7. The Court affirms certification of the Settlement Class.

8. Due to the broad, automatic, and uniform benefit of the injunctive relief in this action, it will inure to benefit all members of the Settlement Class in equal measure. Accordingly, no notice is required or necessary as: absent Settlement Class Members retain their rights to sue for monetary relief; the Settlement extends near complete injunctive relief to the Class; there is no evidence of collusion amongst the parties; the Settlement negotiations were conducted at arms' length; and the cost of notice itself would actually jeopardize the Settlement Agreement. The Court, in its discretion, declines to order notice in this action as it is not required in order to satisfy the requirements of federal due process of law.

9. The Settlement, as set forth in the Settlement Agreement, is in all respects fair, reasonable, adequate and in the best interests of the Settlement Class, and it is approved. The Parties to the Settlement Agreement shall effectuate the Settlement Agreement according to its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

10. This Order and Judgment, and the Settlement Agreement, shall not be construed as, or used as an admission or concession on the part of Defendants with respect to any claim of any fault or wrongdoing or liability or damage whatsoever.

11. The Court approves the payment to Class Counsel of $290,000.00 in attorneys' fees, inclusive of any and all costs, pursuant to the terms set forth in

the Settlement Agreement.

12. The award of attorneys' fees to Class Counsel shall be allocated among Plaintiffs' counsel in a fashion that, in the opinion of Class Counsel, fairly compensates counsel for their respective contributions in the prosecution of the Action. The Court has considered this award of attorneys' fees and reimbursement of expenses separately from the merits of the settlement and the Court has considered and finds as follows:

    a. The Settlement has provided significant relief to the Settlement Class and provided such injunctive relief in a timely manner.

    b. Plaintiffs' counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy on behalf of Plaintiffs and the Settlement Class as a whole.

    c. The Action involves complex factual and legal issues and, in the absence of Settlement, would involve further lengthy proceedings and uncertain resolution of such issues.

    d. Had this Settlement not been achieved, there would remain a significant risk that the Settlement Class may have recovered less or nothing from Defendants, and that any recovery would have been significantly delayed.

    e. The amount of attorneys' fees and costs awarded to counsel is fair and reasonable, given the number of attorney hours expended to achieve the Settlement on behalf of Plaintiffs and the Settlement Class as a

whole, and the amount awarded is consistent with awards for similar work in similar cases.

13. The Court further approves the payment of $5,000 each to the four Class Representatives Stefanie Gentles, Richard Messerly, Gregg Brown, and David Bair.

14. All payments described herein shall be made in the manner and at the times set forth in the Settlement Agreement.

15. The above-captioned Action is hereby **DISMISSED with prejudice**. Except as otherwise provided in this Order, the Parties shall bear their own costs and attorneys' fees. Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation, interpretation, and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing, interpreting, and enforcing the Settlement embodied in this Settlement Agreement.

16. By reason of the Settlement, and approval hereof, there is no just reason for delay and this Final Order and Judgment shall be deemed a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.09.07 11:19:12 -05'00'

**United States District Court Judge**